## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**PHILLIP CARGILE,**
               **Plaintiff,**

**vs.**                                                    **5:09cv193/RS/MD**

**JIM APPLEMAN, et al**
               **Defendants.**

_____

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint (doc. 1) pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (Doc. 2).  For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* should be granted.

In his complaint, plaintiff names as defendants State's Attorney Jim Appleman, Assistant State's Attorney Quentin Broxton and Assistant Public Defender Georgette Beller.  Plaintiff asserts that in 2003 he was "illegally arrested" and "illegally placed" in jail by Officer Hicks of the Panama City Beach Police Department, who is not named as a defendant in this complaint. The arrest occurred after some sort of  altercation between plaintiff and his brother at the home of plaintiff's mother, where plaintiff resided.  Defendant Beller was the public defender assigned to represent plaintiff.  Plaintiff contends, essentially, that Ms. Beller provided inadequate representation.  He also contends that defendant Broxton proceeded to maliciously prosecute him, while Broxton knew that plaintiff had the legal right to protect his home and should not have been jailed for his conduct. Plaintiff states that after having been in jail for six months, he was "auctioned off in

court to the court clerk's choice" and was "forced into a plea agreement for 5 years probation," which was the only way his defender could keep him out of jail.  Plaintiff asserts that he has "suffered many times" during the 5 long years of probation, and that he has continued to provide documents and evidence to support his innocence.  There are no allegations in the complaint with respect to defendant Appleman.

Plaintiff claims that he should not have been removed from his mother and his home or placed in jail, that he was given "insufficient counsel," maliciously prosecuted, illegally held in jail, forced into a plea agreement, and forced to suffer the loss of life, liberty and property.  He seeks damages to compensate him for the pain and suffering he endured during the five years that he spent on probation, and the replacement value of his mother's home, which was sold during his time in jail.

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the plaintiff's claim should be dismissed.  The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct.  at 2372.  Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional.  *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf. *Porter v. White*, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation).  Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct.  at 2372; see also *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes*, 350 F.3d at 1160.

Accordingly, it is ORDERED:

Plaintiff's application to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause of action be dismissed without prejudice to its reinstatement if plaintiff succeeds in overturning his conviction.

At Pensacola, Florida, this 25th day of June, 2009.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).